Argued and submitted February 8, affirmed as modified April 10, 1985

In the Matter of the Marriage of

LAUGHLIN,
*Respondent,*
*and*

LAUGHLIN,
*Appellant.*

(82-0870; CA A29066)

698 P2d 495

Mark McCulloch, Portland, argued the cause for appellant. With him on the brief was Powers, McCulloch & Bennett, Portland.

Robert M. Johnstone, McMinnville, argued the cause for respondent. With him on the brief were Dennis J. Heil, and Cushing, Johnstone & Peterson, P. C., McMinnville.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this dissolution case, wife appeals the trial court decree and challenges the valuation and division of assets and denial of spousal support. She was awarded a judgment of $154,730, with $44,730 payable immediately and the balance payable at $1,000 per month with 9 percent interest. She also challenges the terms under which the judgment will be payable. Under the terms of the judgment, wife will have to wait approximately 19 and one-half years to be paid in full. We modify the judgment but otherwise affirm.

■ This is a 33-year marriage. At the time of the decree, wife was 51 years old and in relatively good health. Husband is 52 and has health problems. Under normal circumstances, permanent spousal support clearly would be appropriate. Here, however, wife's net earnings are $752 per month and husband's disposable income is $1,660. Husband simply cannot pay $1,000 per month as required by the decree and pay spousal support as well. Therefore, we affirm the denial of spousal support.

■ Under the terms of the decree, wife will be approximately 70 years old when the judgment is paid in full. She should not have to wait so long to realize on her share of the assets, especially in view of the fact that she receives no spousal support. We realize, in allowing husband a shorter time for payment of the judgment in full, that he may be required to dispose of some of his other property; however, our modification provides him sufficient time to do so.

The second full paragraph of paragraph 6 of the decree is modified to read:

Wife shall have judgment against Husband in the amount of $110,000, representing her one-half interest in said corporation, which judgment shall be satisfied in full on or before June 27, 1993. Payments shall be made monthly in amounts of not less than $1,000 per month, including interest on the deferred balance at the rate of 9 percent per annum from the entry of the Amended Decree. The first payment is to be made on or before the 10th day of the month next following the month in which the Amended Decree is entered. The corporation shall indemnify and hold the Wife harmless from any and all liabilities of said corporation, and inclusive of said liabilities are promissory notes specifically owing to the Wife for

loans previously made to the corporation which shall be satisfied in accordance with the terms of said notes.

Decree modified to require husband to satisfy wife's judgment on or before June 27, 1993; affirmed as modified. Costs to wife.